UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HERBERTO CAMPBELL and <br> VALERIE CAMPOS, <br><br> Plaintiffs <br><br> vs. <br><br> LAFARGE NORTH AMERICA, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO. 2:09-CV-346 RM <br> ) <br> ) <br> ) <br> ) |

OPINION and ORDER

Defendant Lafarge North America, Inc. has attempted to remove this case from state court [Doc. No. 2]. The court has the obligation to inquire into its own subject matter jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008).

The notice of removal doesn't allege the existence of diversity jurisdiction sufficiently. The notice of removal states, "Defendant Lafarge is incorporated in and has its principal place of business in a state other than Indiana." Notice of Removal, at ¶ 4. However, "If any party is a corporation, the statement shall identify both the state of incorporation and the state in which the corporation has its principal place of business." Seventh Circuit Rule 28(a)(1); *see also* BondPro Corp. v. Siemens Power Generation, Inc., 466 F.3d 562, 562 (7th Cir. 2006) (imposing sanctions for violation of Seventh Circuit Rule 28).

Although the case is subject to dismissal on these grounds, Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007), the court instead affords

defendant Lafarge twenty days from the date of this order within which to file an amended notice of removal specifically identifying Lafarge's state of incorporation and state of principal place of business.

SO ORDERED.

ENTERED:  October 22, 2009 

      /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court