UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HERBERTO CAMPBELL and VALERIE CAMPOS, | ) ) ) |
| Plaintiffs | ) ) |
| vs. | ) CAUSE NO. 2:09-CV-346 RM ) |
| LAFARGE NORTH AMERICA, INC. | ) ) |
| Defendant | ) |

OPINION and ORDER

This matter comes before the court on plaintiffs' motions to amend their complaint [Doc. No. 11] and to remand this case to state court [Doc. No. 12]. The difficulty is that granting these motions will result in the destruction of the parties' complete diversity in this lawsuit, dissolving this court's jurisdiction over this case. Still, for the reasons stated below, the court GRANTS the plaintiffs' motions.

The plaintiffs, Illinois citizens, filed a personal injury suit in state court against Lafarge North America, which is incorporated in Delaware and has its principal place of business in Virginia. The plaintiffs originally alleged that Mr. Campbell's employer, Nick's Transport, was a subcontractor for Lafarge. Lafarge removed this action to federal court. Less than three weeks later, the plaintiffs filed their motions to amend their complaint and to remand, stating that new information led them to believe that Nick's Transport actually was a subcontractor

for Illini State Trucking, which itself contracted with Lafarge. The plaintiffs seek to add three new defendants, one of which is known to be an Illinois citizen. Lafarge opposes the motions, stating that it neither owns, operates, nor controls the proposed new defendants, and that the plaintiffs' motions amount to improper joinder. The plaintiffs replied that this argument misses the point because agency relationships between Illini State Trucking and Lafarge need to be explored. Indiana's two-year statute of limitations for filing a new cause of action against any new defendants passed on November 19, 2009.

Plaintiffs ordinarily may amend complaints as a matter of course before responsive pleadings are filed. FED. R. CIV. P. 15(a). Nonetheless, a plaintiff "may not join a nondiverse defendant simply to destroy diversity jurisdiction." Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 763 (7th Cir. 2009). The plaintiffs were correct to seek leave from this court to file their amended complaint because, notwithstanding Rule 15(a), whether to permit the joinder of nondiverse defendants is up to the court. 28 U.S.C. § 1447(e); Mayes v. Rapoport, 198 F.3d 457, 462 n. 11 (4th Cir. 1999).

After removal, the court's considerations extend beyond the single issue of fraudulent joinder. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 763-764 (7th Cir. 2009); Mayes v. Rapoport, 198 F.3d at 461. Under 28 U.S.C. § 1447(e), a court deciding whether to grant a motion under these circumstances considers "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend;

(3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d at 759 (*citing* Mayes v. Rapoport, 198 F.3d at 462). The defendant bears a heavy burden with regard to the fraudulent joinder factor. Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d at 763-764.

Defendant Lafarge contends the that plaintiffs seek to amend their complaint simply to destroy diversity jurisdiction. The plaintiffs reply that there are agency questions that must be litigated properly. The plaintiffs filed their request to amend as soon as they discovered new information, before any responsive pleadings have been filed, and before any discovery has been conducted. If the plaintiffs' motions are not granted, they might be unable to file a new action in state court against the proposed new defendants because of the statute of limitations (assuming the filing of their motions would have tolled the statute of limitations, the plaintiffs would have only six days after entry of this order to file their action). These and other equitable considerations counsel granting the plaintiffs' motions.

If the plaintiffs' motions are denied but their allegations are true, they will suffer the expense and delay of litigating two separate cases, one in state court and one in federal court, over the same alleged injury caused by the same series of negligent acts. If the plaintiffs' motions are granted, but the defendant's allegations are true, Lafarge will suffer the expense and delay of showing more clearly the diversity of any real defendants in interest and nondiversity of the

3

proposed new defendants. Additionally, the proposed new defendants will have to spend time and money defending what might be meritless claims against them. On balance, these equitable considerations favor granting the plaintiffs' motions. *Cf.* Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d at 758 ("[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").

For the reasons stated, the court GRANTS the plaintiffs' motion to amend their complaint [Doc. No. 11], accepts their amended complaint [Doc. No. 11-2], and GRANTS the plaintiffs' motion to remand to state court [Doc. No. 12].

SO ORDERED.

ENTERED:  December 8, 2009 

                                            /s/ Robert L. Miller, Jr.  
                                          Chief Judge  
                                          United States District Court